## MARY JACOBY
### v.
## GEORGE H. SCOUGALE.

*Mechanic's Lien—Conflict of Evidence.*

Upon a review of the evidence, which was conflicting, this court declines to interfere with a decree allowing a mechanic's lien.

[Opinion filed January 19, 1888.]

APPEAL from the Circuit Court of Woodford County; the Hon. N. W. GREENE, Judge, presiding.

Messrs. BLADES & NEVILLE, for appellant.

Messrs. MEEK & RADFORD, for appellee.

WELCH, P. J. This was a petition for mechanic's lien, brought by the appellee against the appellant. The petition

Jacoby v. Scougale.

alleges that a verbal contract was made by the appellee with the appellant to do certain repairing on dwelling house of appellant, and to furnish all the material for said repairs. The price to be paid for said work and material by the appellant was $550. The answer denies that there was a verbal contract, but alleges there was a written contract or agreement that the work was to be done for $414, and alleges that the work has not been done according to agreement.

Replication; decree for appellee for the sum of $532.25, from which decree this appeal is taken. The evidence in this case is conflicting as to the contract and the manner in which the work was done. The appellees state "that about the middle of August, 1886, Mrs. Jacoby told me she had a house she wanted repaired; I told her that was in my line, and she asked me to look at the house and figure on the cost; I did so, and it amounted to $414. There was a verbal contract for what I was to do for $414, but it was not written down, but I made a memorandum. Exhibit 'A' was the memorandum given to Mrs. Jacoby. After I commenced this work I went to Bloomington to see Mrs. Jacoby; I asked her to go out and look at the building, and see if she did not think it necessary to make some changes; I told her the frame was so badly rotted that it was impossible to level it with the brick filling in, and that the joists were completely rotten. She came in about two days," when, he states, he made "a contract with her; was to re-side and re-shingle the house, put in new floors in the lower story, build new pillars and re-build cellar where fallen down, build a small veranda, ceil the lower story, take down a fireplace and build a stove flue in its place, put in two new windows, two new doors, one register in the upper floor, build a closet and pantry, and put a coat of paint on the outside of the house; all the work to be done for $550." "I completed the work about October 20, 1886." The work was a first class job in his judgment. David Grove states: "I heard Mrs. Jacoby say she had made an agreement with Mr. Scougale to pay him $550." James Simmons states that he is a carpenter, and worked on the building. "The material was good and the work done in a workmanlike manner for a repair job. Defend-

ant was there once or twice while I was working there; I heard her say she was to pay $550 for the job." Mary Keims states: "I live on Mrs. Jacoby's farm, and know both parties in the suit. Mrs. Jacoby told me the contract with Scougale was $550, but that she would not pay it under any circumstances. This was after the work was completed. She claimed she would not pay because he had not done what he had agreed to do, and that the work was not done well." Carson states that he was a carpenter. "I examined the building of the defendant, and the repairs that had lately been done there; the material was a good article for repair work, and the workmanship was fair for repairing. I consider the job done in a workmanlike manner." Probasco, the painter, states: "I know the building of the defendant; I painted the house outside one coat, and put in a lot of glass for Mr. Scougale. The work was first class and the material good." Appellant states that the contract was for $414, and denies that she ever agreed to pay Scougale $550; denies telling Grove that she was to pay him $550; states that the work was not done in a workmanlike manner, and that he injured and damaged her property by means of his unskillfulness in making the repairs. Appellant introduced a number of witnesses who testified that the work was done unskillfully; that it was not a good job, and that she had suffered damages. We do not deem it necessary to refer to the evidence for the appellant in detail. On a careful examination and consideration of all the evidence, we are of the opinion that there is sufficient evidence to support the decree. The decree is affirmed.

*Decree affirmed.*